UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>ALEX C. PROCOPIO,<br>MARK S. ZOUVAS,<br>and<br>CHRISTIAN R. HANSEN,<br><br>                              Defendants. | Case No.: 3:20-cv-00182-BEN-LL<br><br>**ORDER GRANTING UNOPPOSED MOTION TO INTERVENE AND STAY PROCEEDINGS**<br><br>[Doc. 23]; |

   The United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Aaron P. Arnzen, Assistant United States Attorney, moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) and in the alternative, for permissive intervention under Rule 24(b). (Doc. 23.) The United States also requests a stay of these civil proceedings pending resolution of the parallel criminal case docketed at *United States v. Zouvas*, 20-cr-0368-AJB. Neither Plaintiff Securities and Exchange Commission (SEC) nor Defendant Mark S. Zouvas oppose the motion. (Docs. 24, 25.) The remaining Defendants have already been terminated from this civil action. The motion is **GRANTED**.

Plaintiff's claim arises out of an investigation by the SEC and Federal Bureau of Investigation into an alleged fraudulent stock offering. Defendant Zouvas has been indicted by a Grand Jury in this District, and that criminal case is still pending. The factual basis for the criminal indictment substantially relates to the conduct involved in the present civil action. Therefore, the United States of America is granted leave to intervene.

A court may decide to stay the civil case when required by the interests of justice. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Dresser Indus.*, 628 F.2d at 1375 and *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). Discovery disputes, which hinge on issues involved in the criminal proceeding, have the potential to unnecessarily expend judicial resources, delay proceedings, and prejudice parties. The interests of the public are best served through resolving the criminal case expediently, which here requires a stay of the civil proceedings. *See e.g.*, *Kordel*, 397 U.S. at 12, n27.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Intervene and Stay Proceedings is **GRANTED**. The stay shall remain in effect until disposition of the criminal case *United States v. Zouvas*, 20-cr-0368-AJB or further order of this Court.

**IT IS SO ORDERED.**

Date: June 16, 2020

HON. ROGER T. BENITEZ
United States District Judge